THE PEOPLE *v.* TREADWAY ET AL.

*D. May,* Attorney General, for plaintiff in error.

*A. L. Millerd,* for defendant in error.

---

## The People v. Alfred Treadway et al.

*County Clerk: When liable on bond for Jury and entry fees: Presumption.* The county clerk is only responsible for the entry and jury fees actually paid to him; and while the entry of a cause upon the calendar is *prima facie* evidence of the payment of the fees prescribed by law, yet if it is made to appear that no such payment was made, the presumption ceases.

*Jury Fee: Demand for Jury: Presumption.* As regards jury fees, there is no room for presumption for or against the jury having been claimed by a party, or summoned at the instance of the court without such claim, since the record must show all the facts; and presumptions are never allowable when better evidence of a primary nature is required by law to be preserved.

*County Clerk: Official bonds: Sureties.* When the county clerk fraudulently countersigned and filled up a warrant upon the treasury, which had been signed in blank by the chairman of the Board of Supervisors, and drew the money thereon: *Held,* that while this was a misuse of his official authority, it was nevertheless an official act, and the sureties of the clerk were liable upon his official bond, to pay the amount overdrawn.

*Heard January 7th. Decided January 11th.*

THE PEOPLE *v.* TREADWAY ET AL.

Error to Oakland Circuit.

This was an action of covenant brought on a bond, given by defendant Treadway, · with sureties, as County Clerk of Oakland County. The bond on which suit was brought, was dated December 16, 1852, conditioned that "if the said Alfred Treadway shall faithfully, truly and impartially perform all the duties of his said office, and shall pay over all moneys that may come into his hands as such clerk, etc."

The pleadings and record show that Treadway entered upon the duties of his office in January, 1853, and held the same until December 31, 1855, and while he held the office he received public money to the amount of $600 and upwards, which he had neglected, and refused to pay over, being money received as entrance and jury fees.

Also, that said Treadway, as such County Clerk, filled out an order, payable to himself, for $100; and on such order drew the sum of $100 from the County Treasurer: And that the same was an overdrawing of his salary, as County Clerk, for that sum.

Upon the trial of the cause, the plaintiff proved that Treadway had received a large amount of money as entrance fees and jury fees, which he had not paid over, as is required by law. And, also, that he overdrew his salary to the amount of $100.

The errors assigned are:

1. That the court charged that the legal presumption was that the clerk received the fees in all cases where the law required an entrance fee to be paid; and, also, in all cases tried by jury in which the law required a jury fee to be paid.

2. That the court charged the jury, that the act of Treadway in overdrawing his salary ($100) was an official act for which Treadway was liable, and also his bail.

Judgment was rendered for the plaintiff.

*A. C. Baldwin,* for plaintiff in error.

1 The payment of the county fee may be deemed a pre-requisite to the entry of a cause on the calendar, and if found there, probably conclusive as to the liability of the clerk.   But in the case of the jury fee, it is different. The *Laws of 1853, p. 187,* gave the court power in all actions of tort, to order the cause to be tried by a jury.— See *Comp. L. 999,* § *1.*

It will not be contended that in case the court order a jury, that the plaintiff shall pay the jury fee, when he is willing to submit the case to the court.   If he demands a jury, then he is presumed to pay for it, but if the court order it, then the payment of the jury fee is to abide the event of the suit.—*19 Johns. 346.*

2.   By the laws of this state, the County Clerk is made the Clerk of the Board of Supervisors.   His duties as such clerk are clearly defined, and any act of his, outside of his prescribed duties, are unofficial acts, for which, though he may be even criminally prosecuted, his bail would not be liable.   There is no law of this state authorizing him to issue warrants for money, as was done in this case.

In all actions upon bonds of this nature, the instrument is to be strictly construed.— See *3 Leigh, 703, cited in 1 U. S. D. 449; 17 Ohio, 554.*

3.   In this case, if the clerk had no authority to issue the order, the County Treasurer is the one liable to the people for the money.   This latter officer is bound to know by what authority any money is paid out of the treasury; and if he pay any on orders improperly or improvidently issued, he must take the consequences.   If the money was paid by the treasurer without authority of law, or without a proper warrant, the only recourse for the county is upon the treasurer, and his bail, and not upon the person who received it.   Certainly the bail of the recipient is not holden.

*C. & C. S. Draper*, for defendant in error.

1. Every officer is presumed to have done what the law required he should do. The records of the Circuit Court for Oakland County, exhibited in proof, showed affirmatively that while Treadway held the office of County Clerk, he received, or he should have received, for the county, as entrance and jury fees, $616, a large amount of which he never paid over to the County Treasurer.

"When a person is bound to do a certain act, the omission of which would ·be a culpable neglect of duty, the performance of it will be presumed unless the contrary is shown."— *19 Johns. 345.*

After the plaintiff had shown that Treadway, while County Clerk, entered causes, thus *prima facie* showing the receipt, by him, of entrance fees, and that civil causes were tried by jury, and thus jury fees were in his hands, the *onus* of proof shifted to the defendants, to show payment, or such facts as would make a defense.— *1 Greenlf. Ev. 51, 105; 17 Ga. 624.*

2. The second error assigned is, that an order issued under the hand and signed by Mr. Treadway, as County Clerk—and which was the only mode by which the salaries of the county officers could be drawn by them — was not an official act for which the bail are liable.

In reply, we say this point is to be tested by the averments in the plaintiff's declaration.

The act of the clerk, in signing the order upon which he drew money, is an official act.

The only way by which he could have obtained the sum of $100, was to fill up and sign an order for that sum, and he must act officially, or under color of office, to do it.

The rule on this point is, that if the act done by the officer is performed under color of his office, his sureties are responsible.— *3 Ind. 431.*

3. Did Treadway faithfully and truly perform the duties of his office as clerk, when he signed his name to the order, and thus fraudulently obtained the $100? We think not. It was a breach of a condition of the bond on which this suit was brought.

The design of all official bonds is to secure from losses those who are, or may be, interested in the faithful discharge of the duties mentioned in them. Such bonds are given to protect against damage occasioned by unfaithfulness, negligence, or dishonesty in such offices. — *7 Greenlf. 320; 2 Blackf. 192.*

CAMPBELL J.

Defendants below were sued upon the official bond of Treadway, as County Clerk, and recovery was sought for three different classes of charges for money received by him and alleged not to have been accounted for. These consisted of entry fees and jury fees, and a sum of $100 drawn by him, without authority, as extra salary.

The court held as to the entry and jury fees, that he was answerable for them whether the money was received by him or not, and that the law presumed in every case entered in the docket that the money for entry or jury fees had been received by him, and also presumed that every jury was claimed by one of the parties and not ordered by the court.

This charge was incorrect. The clerk is responsible for all entry and jury fees received by him in fact. But we have recognized the fact that entry fees are not always paid, and that proceedings are not thereby rendered void; and have held that in such cases, when brought to the notice of the court, there should be no dismissal if the fees are then promptly paid.

As the entry on the calendar shows payment *prima facie*, of course there need be no other evidence as against the clerk; but if it is then by him made to appear that no

such payment was made, he may thus overcome the presumption of payment, and no recovery can be had for money as received, which, as a matter of fact, he never did receive.

In regard to jury causes, the files and records must always show how the jury came to be called, and the proof can be had without difficulty. There is no room for presumption for or against their having been summoned at the instance of the court, when there is record proof. Presumptions are never allowable when better evidence of a primary nature is required by law to be preserved.

It was also alleged against the judgment that the sureties of the clerk could not be properly held for his act in drawing extra salary, because that act was entirely unlawful, and the treasurer had no right to pay it.

But, under the law, the money in the treasury is drawn upon warrants signed by the chairman of the board of supervisors, and countersigned by the clerk. In this instance, one of these warrants, signed in blank by the chairman, was filled up and completed by the clerk, who appended his official signature, and thus obtained the money. It certainly is very plain that this money was obtained by a misuse of his official authority to sign warrants, and that wrongful act was an official act. If such an officer is to be regarded as acting unofficially whenever he violates his duty, it is not easy to see what object there can be in requiring official bonds. They are not meant to be mere formalities, and they can only be made to secure against the consequences of some sort of misdoings. Their object is to obtain indemnity against the use of an official position for wrong purposes, and that which is done under color of office, and which would obtain no credit except from its appearing to be a regular official act, is within the protection of the bond, and must be made good by those who signed it. If the warrant in question was so suspicious on its face as to render the treasurer culpable for paying it,

that does not lessen the fault of the clerk, or render his act any less official. It may involve another party in fault, but it leaves his own act unchanged. There was no error in the charge of the court on this item, but the instructions given on the others were erroneous.

Judgment must be reversed, and a new trial granted.

The other Justices concurred.