ANN D. HALSEY v. E. E. NORTON, Assignee.

1. PARTNERSHIP—BANKRUPTCY—EFFECT ON PARTNERSHIP PROPERTY.—The effect of the bankruptcy of one copartner is to dissolve the copartnership and render the solvent members of the firm and the assignee of the bankrupt tenants in common of the partnership effects.

2. SAME—SUIT FOR PROPERTY AFTER DISSOLUTION.—In a suit brought for partnership property, the solvent partner must be joined with the assignee of the bankrupt as co-plaintiff.

3. CIRCUIT COURT—PLEADING AND PRACTICE—NON-JOINDER, HOW TAKEN ADVANTAGE OF.—A non-joinder, if it appear on the face of the declaration, must be taken advantage of by demurrer; if not, it may be taken advantage of by plea, or if it appear from the evidence adduced at the trial, then by nonsuit.

4. SUPREME COURT—OBJECTIONS NOT ARISING ON THE RECORD WILL NOT BE CONSIDERED.—A firm name is not evidence of who the partners are; and,

therefore, where the only ground for supposing a non-joinder, which appears on the record is, that the plaintiffs in the declaration do not comprise all the names included in the style of the firm, this court will not consider the objection.

ERROR to the circuit court of Washington county. SHACKLEFORD, J.

The facts appear in the opinion of the court.

*W. & J. R. Yerger*, for plaintiff in error.

No counsel for defendant in error.

SIMRALL, J. :

It is urged for plaintiff in error, that the judgment ought to be reversed, because the assignee, Norton, ought to have united with him as co-plaintiff the solvent partner. It was said by the Chief Baron in Taylor v. Fields, 4 Ves. 396, "that the surplus of partnership effects is joint property; and that the interest of each partner is only his share of what remains after the partnership accounts are taken." The assignee takes precisely the position of the bankrupt, as respects the joint property. That interest is transferred to him to be administered for the creditors. Bankruptcy does not divest the title of the solvent partner. It dissolves the copartnership, and constitutes the assignee and the solvent partner tenants in common or joint owners. To stand in a court of law, the plaintiff must have the entire legal right; if the title be held by several, all must join in the suit. Eckhard v. Wilson, 8 Term Rep. 140, and Murray v. Murray, 4 Johns. Ch. 70, are to the point that the assignee and the solvent partner must unite in a suit, respecting the joint effects and chose in action. But it must be manifested that there is another person, not co-plaintiff, who ought to, etc.; this may be by plea in abatement, or by nonsuit if proved on the trial (1 Chit. Pl. 452, 453); or by demurrer if it appears on the face of the declaration. The declaration is thus: "E. E. Norton, assignee, * * * etc., of Henry F. Giren and Dickson A. Giren, as members of the

firm of Giren, Brown & Co." It is not averred who composed the firm, except these two bankrupts, nor does it appear affirmatively that there were any other members; the copartnership name may and often is purely artificial, not discovering who are its members. Proof was not made on the trial that any other person was a member, although objection was made by the defendant to the admission of evidence, in truth of the account, on that ground. If it was not apparent on the record that there was a solvent partner; if the defendant proposed to nonsuit the plaintiff or prevent his recovery, she ought to have proved the existence of such a partner. We do not think that the record presents the point made by the plaintiff in error, so that she can avail of it in this court. Let the judgment be affirmed.