G. W. MARLAR ET AL. *v.* STATE, USE TISHOMINGO COUNTY.

1. TAX COLLECTOR'S BOND. *Action on for default. Negligence of other officials no defense.*
   In an action upon the bond of a sheriff, as tax collector, for a failure to pay over to the treasurer taxes collected for the county, it is no defense as to the sureties on the bond for them to show that it was the duty of the county treasurer and clerk of the board of supervisors of the county to report the first default of the tax collector, and the duty of the governor or any court of competent jurisdiction upon such report to remove him, and that none of these duties had been performed.

2. SAME. *Action for breach thereof. Reference to referee. Section 1724, Code 1880.*
   An action upon a tax collector's bond to recover a balance declared to be due the county, and shown by a statement of his accounts with the county for two years, "involves matters of account" within the meaning of ? 1724 of the Code of 1880, which authorizes a reference in such case to a referee or referees, "to state and report an account between the parties."

3. TAX COLLECTOR'S BOND. *Action on. Dissent from reference. Right of trial by jury.* But if either party dissents from such reference in the manner specified in the statute, and "in the same term in which the [referee's] report is filed" demands a trial by jury and files his exceptions to such report, it is error for the court to confirm the report and refuse the application for a jury trial, even where it was not made till after the commencement of argument on a · motion to confirm the referee's report.

APPEAL from the Circuit Court of Tishomingo County.

HON. J. W. BUCHANAN, Judge.

This action was brought in January, 1883, in the name of the State, for the use of the Board of Supervisors of Tishomingo County upon the bond of C. C. Castlebery, as sheriff and tax collector of Tishomingo County during the years 1878 and 1879, to recover of him and his sureties eight hundred and fifty dollars declared to be due from him to that county for taxes collected by him during those years and not paid into the county treasury. A bill of particulars or statement of Castlebery's account with the county, showing the debits and credits for the years mentioned, the separate balance due by him for each year, and the aggregate balance for the two years, was filed with the declaration. On the 21st of September, 1883, G. W. Marlar and others, sureties on Castlebery's bond, filed a plea denying the default charged against their principal in the plaintiff's declaration.

In January, 1884, a trial was had and a verdict rendered in favor of the defendants, but upon motion of the plaintiff it was set aside and a new trial granted.

At the July term, 1884, of the court, upon the motion of the plaintiff the case was referred to J. W. Jourdan, as referee, to "state and report to the next term of the court an account between the parties" in pursuance of certain directions expressed in the order of reference. The defendants excepted to the action of the court in referring the case. At the January term, 1885, of the court the referee made his report, showing an indebtedness by Castlebery; and at the same term the defendants filed exceptions to the report and demanded a trial of the case by a jury. The defendants, Marlar and his co-sureties, at that term of the court

asked for leave to file several pleas, to the effect stated in the opinion of this court, but it was denied by the court below. The court, upon the motion of the plaintiff, confirmed the referee's report and rendered judgment in accordance therewith against the defendants. The defendants' demand for a trial by jury was made after the motion to confirm the referee's report and while it was being argued by counsel. From the judgment rendered as above stated the defendants appealed to this court.

*Candler & Candler*, for the appellants.

1. We submit that the action of the court below in referring this cause to a referee to make and state an account was clearly error. Section 1724, Code of 1880, is not applicable to this kind of a case, and we call upon the court for a construction of the same. Sections 549, 550, and 551, Code of 1880, regulate exactly how these suits shall be commenced and how they shall proceed. Section 550 requires that they be tried at the first term, and to refer them to a referee under § 1724 unavoidably and naturally works a continuance. The lawmakers evidently never intended for actions on official bonds to be considered as actions on "matters of account."

2. The court below should have allowed plaintiffs in error to file their amended pleas, because a surety's liability should be tested in the light of all the facts and should not be fixed upon him unless he is clearly liable in law. The liability of a surety must come within the strict letter of the law.

3. Unquestionably, it was a fatal error for the court to refuse appellants' demand of a trial by jury during the same term of court to which the report was returned and filed. The very section under which the reference was made enacts that either party may in the same term in which the report is filed demand a trial by jury and file exceptions, etc. Section 1724, Code 1880.

*Green & Boone*, on the same side.

We urge that under § 1724 of Code of 1880 the party desiring jury trial upon the report of referee is not required to file his exception to report and his demand for jury " on or before the second day of the term " to which the report is made, but that this demand may be made at any time before the confirmation of the

report and during the same term. The code in section above uses this language, " And in the same term in which the report is filed." This section is a special statute governing this particular kind of cases, and the pleader is not required to observe the general rule of pleading and practice as laid down in the code.

The court had complete control of this matter, and it would have been nothing but justice and reasonable to have allowed the jury trial unless the exceptions filed or asked to be filed contained no defense to the report, or rather showed no cause why the report should not be confirmed, a position not entertained and not relied on by counsel for appellee.

Their legal sufficiency could not be tested on motion if they were possessed of the slightest degree of merit, as was held in *Marshall et al.* v. *Hamilton*, 41 Miss. 235 ; see also *Beard* v. *Green*, 51 Miss. 856, and cases cited.

*A. M. Lea*, for the appellee.

It is submitted that the assignment of error referring to the action of the court in denying defendant's application to file additional pleas is without merit—first, the proposed pleas presented no defense to the action, and second, they were preferred after the cause was tried by jury at *one* term and by a referee at another.

Nor is there merit in the objection that this action was not embraced in § 1724. It would appear that " matters of account " were certainly " in controversy."

The application to file the exceptions to the referee's report and the demand for a jury after the day set for the hearing, and after the motion to confirm was under argument and consideration, we submit, was addressed to the discretion of the court.

ARNOLD, J., delivered the opinion of the court.

There was no error in overruling the motion of the appellants for leave to file the special pleas set out in the record to the effect that Castlebery, as tax collector, was required by law to make monthly settlements, and in case he failed to do so it was the duty of certain officers named to make publication as to his default and have him removed from office, which was not done. The facts

averred in these pleas constituted no defense to the action, and if there were no other reasons this was sufficient to vindicate the action of the court in refusing to allow them to be filed out of time.

Sections 1724 and 1725 of the code provide that "in all matters in which matters of account are in controversy the court may, on the application of either party, direct a reference to one or more competent persons, not exceeding three, as referees, to state and report an account between the parties and the amount that may be due from either party to the other, which report, when confirmed by the court, shall be final and conclusive between the parties, and judgment shall be entered thereon and execution issued, as in other cases; but either party may at the time of ordering such reference enter in the minutes of the court his dissent therefrom, and in the same term in which the report is filed may demand a trial by jury, in which case the cause shall be tried by a jury, as heretofore; * * * and upon such trial the report of the referees shall be *primâ facie* evidence of all the matters therein found and reported; and at the time of demanding such trial by jury, the party shall file his exceptions to said report, and no other exceptions shall be considered on the trial." * * * "Either party who shall not demand a trial by jury may file exceptions to the report of the referees, and the court shall hear and determine the same and may set aside said report and direct another reference to the same or other referees." * * * The right of trial by jury, when demanded, is carefully preserved by this statute. And when trial by jury is waived, either party may except to the report of the referees, and the court is required to hear and determine the same. The statute does not prescribe at what time trial by jury shall be demanded, further than that it shall be in the same term at which the report is filed; nor does it specify at what time exceptions to the report shall be made, further than that if a jury is demanded the exceptions shall be filed at the time the demand is made. But it is not contemplated by the statute that the trial of a cause shall be extended by reason of such reference beyond the term to which the report is returned. The court has power to prevent delay in such cases and

to facilitate the proper disposition of the cause, and should exercise its authority, if requested, by designating some reasonable time during the term at which the report is filed within which exceptions to the report should be filed. But the discretion of the court in this respect was not invoked by either party. If the appellants did anything to waive or forfeit their rights under the statute or to delay or avoid trial in the mode provided by the statute it is not shown by the record. They complied literally with the terms of the statute. When the reference was ordered they objected and had their dissent made matter of record, and during the same term at which the report was filed they demanded a trial by jury, and then and there offered to file exceptions to the report of the referee.

The suit involved "matters of account," and on the application made there was no error in referring the cause to have an account taken and stated between the parties, but it was error to confirm the report of the referee and to deny a trial by jury when demanded by the appellants.

*Reversed.*