CLARKE LEWIS ET AL. *v.* THE STATE, USE OF NOXUBEE COUNTY.

1. OFFICIAL BOND. *Circuit clerk. Issuance of fraudulent witness certificates. Liability of sureties.*

The sureties on the bond of the clerk of a Circuit Court of a county, conditioned, in substance, that he shall faithfully perform the duties of his office, are liable to the county for any injury resulting to it from the issuance by such clerk of false and fraudulent witness certificates, it being his duty to issue witness certificates, as provided by law. *Whyte* v. *Mills,* 64 Miss., 158, distinguished.

**2. SAME.** *Breach of, by circuit clerk. Remedy against other officers. Effect as to liability of clerk's sureties.*

And the fact that in such case the county may have a remedy against the tax collector for receiving such witness certificates in payment of taxes due the county, and against the treasurer for receiving them as valid claims against the county, does not affect the right of the county to recover against the sureties on the clerk's bond.

**3. PLEADING.** *Plea in abatement, after pleading in bar.*

If, after pleading in bar, a defendant file a plea in abatement for non-joinder, such plea is a nullity and requires no response.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

The case is stated in the opinion of the Court.

*J. E. Madison,* for the appellants.

There was error in rendering judgment in this case when defendant's plea of non-joinder was unanswered and undisposed of. Griggs was a party to the bond and ought to have been sued, but irrespective of whether he is or not, our plea of non-joinder was in and called for an answer or replication and in default of issue being made upon this plea, the judgment is erroneous.

The statute of Jeofails does not cure a total omission to plead. *Hogue* v. *Lewellen,* 42 Miss., 302.

Counsel for plaintiff in the Court below contended that bonds, etc., were joint and several, and that it was lawful to sue any one or more of the parties liable on such bond. Sec. 1134, Code 1880. This is undoubtedly correct, yet the bond must be declared upon as the bond of all, and you proceed against one or more to judgment. You cannot declare upon it as the bond of " one or more " and proceed with your proof which shows that it was the bond of " one or more " and some other party or parties. Here you have a variance.

There was error in the Court's overruling defendant's demurrer to the declaration in this cause.

I submit to the court the case of *Whyte* v. *Mills,* 64 Miss., 158, and ask that it be distinguished from the case of *Lewis et al.* v. *State,* use, etc., No. 5563. The mere fact that a deputy figured

in that case can have no weight. The only question, it seems to me, is whether it was an official act or not. If an official act, the principal and deputy are responsible alike to all parties who have a right to sue.

I refer the court generally to some of the authorities bearing on this point: *Furlong* v. *State*, 58 Miss., 728; *Brown* v. *Moseley*, 11 S. & M., 354; *Brown* v. *Phipps*, 6 S. & M., 31; 45 Pa. St., 535; Murphy on Official Bonds, § 468; 17 Ala., 806; 37 Wis., 43; 4 Dutcher, 224; 2 Ala., 728; Brandt on Suretyship, § 452 and 453. I respectfully urge upon the court that acts done *colore officii*, in view of *Whyte* v. *Mills*, 64 M., 158, Furlong's case, 58 Miss., 717, 11 S. & M., 354, and 6 S. & M., 31, *are not official acts.*

*Bogle & Bogle*, for the appellee.

1. The demurrer to the declaration was properly sustained.

2. The plea of non-joinder was frivolous. A plea in abatement filed after a plea in bar could not be noticed; it is a nullity.

3. The defense that the certificates had been received by the sheriff from solvent tax payers was properly rejected. "A fraud is not purged by circuity." Cooley on Torts, 75.

ARNOLD, C. J., delivered the opinion of the Court.

Suit was brought in this cause in the name of the State for the use of Noxubee County against W. R. Bracey, circuit clerk of the county, and the surities on his bond as such clerk, to recover damages sustained by the county on account of certain acts committed by Bracey during his term of office. J. L. Griggs, one of the original surities on the bond, is not sued, for the reason, as stated in the delaration, that before the commission of the acts complained of, he had been lawfully released from the bond by the Board of Supervisors of the county.

The principal breach of the bond assigned in the declaration is that, Bracey did not faithfully perform the duties of his office, but, on the contrary, while acting as such clerk, and under color and by virtue of his office, he issued at various times specified, divers and sundry, false and fraudulent witness certificates and put them into circulation, and the same were afterwards accepted as genuine and painty.

There was a demurrer to the declaration and several special causes of demurrer were assigned, but the one mainly relied on, was in effect, that the surities were not liable for the alleged acts of the clerk, because they were outside of his prescribed duties, and were individual and not official acts. The demurrer was overruled and the defendants excepted.

The sureties then pleaded *non est factum*, and a general denial of the breaches of the bond alleged in the declaration. After this, by leave of court, but without withdrawing their pleas in bar, they pleaded the non-joinder of Griggs, one of the original surities on the bond. No issue was made or taken on this plea, but it was shown on the trial that Griggs had been released as stated in the declaration, or that an effort had been made by the Board of Supervisers, under Secs. 412 and 413 of the Code, on his petition, to release him from the bond.

On the trial, the defendants offered testimony to show that the sheriff and tax collector received the false and fraudulent certificates from responsible taxpayers in payment of county taxes, and asked the court to instruct the jury to the effect, that the sheriff and tax collector and treasurer, who received the certificates as valid claims against the county, were responsible to the county therefor, and that the defendants were not. The court sustained objection to the testimony, and refused to instruct the jury as requested.

The allegations of the declaration were sustained by the proof and there was verdict and judgment for the plaintiff below, and the defendants appealed.

The declaration was not subject to demurrer. On the facts therein alleged, the principal and sureties on the bond were liable. Sec. 2757 of the Code provides, among other things, that, if the clerk of any court or other county officer shall wilfully neglect or refuse to perform any of the duties required of him by law, or shall *violate his duty in any respect*, in addition to his being prosecuted criminally therefor, it shall be the duty of the president of the board of county supervisors, when such delinquent officer has given bond for the faithful performance of his duties, to cause suit to be brought thereon for the recovery of such damages as the county may have sustained thereby.

65 MISS.—31.

The condition of the bond in suit was, that Bracey should faithfully perform the duties of his office. Construed according to its manifest scope and legal import, and with reference to the subject matter to which it relates, the bond was a contract, by which Bracey and his sureties covenanted and agreed, in effect, not only that he would faithfully perform the duties enjoined by law, but that he would not, by virtue or under color of his office, commit any illegal act, to the injury of the county or others. Indemnity to this extent, is within the terms of the bond, and the contemplation of the law which required it to be given.

It was among the powers and duties of Bracey as circuit clerk to issue, under certain conditions, certificates to witnesses, to be paid by the county; and if, in exercising this power or performing this duty, he acted wrongfully or violated his duty in any respect, so that the county, whose agent and servant he was in the matter, was thereby defrauded, it was a breach of his bond.

There is much refinement and quibbling in the books in behalf of sureties on official bonds who are sought to be held responsible for the misconduct of their principal, as to whether the act of the officer was done *colore officii* or *virtute officii*, or whether it constitutes a misfeasance, or a non-feasance. While the liability of sureties is not to be extended beyond the terms of their engagement, the public is entitled to some consideration, as well as the voluntary sponsors of unfaithful public officers; and it must be true that, if an officer, under bond to faithfully discharge the duties of his office, does an act as such officer, injurious to the county or to others, in regard to a subject over which he has jurisdiction and control, his sureties cannot escape responsibility for the act, no matter by what technical name it may be called. Brandt on Suretyship, sec. 452; Murfree on Official Bonds, sec. 211; *The People* v. *Treadway*, 17 Mich., 480; *Armington* v. *The State*, 45 Ind., 10; *Mahaska County* v. *Ruan*, 45 Iowa, 328; *Kane* v. *U. P. R. R. Co.*, 5 Neb., 105; *Fox* v. *Meacham*, 6 Id., 530.

A public officer, charged, as Bracey was, with the function of issuing claims against his county in certain cases, who wilfully lends his official seal and signature to false and fraudulent

claims against the county, by which it is defrauded, cannot be said to have faithfully discharged the duties of his office. Such conduct is as clearly a breach of the security given for faithful services as if it were expressly "nominated in the bond" that he should not cheat or defraud the county.

Surprise was expressed in *Furlong* v. *The State*, 58 Miss., 717, at its being insisted that such an official bond is not a security against the abuse and misuse of official power and authority. In *The People* v. *Treadway*, 17 Mich., 480, where a county clerk and the sureties on his bond were held liable to the county, on his bond, for the act of the clerk in fraudulently countersigning and filling up a warrant on the county treasury and drawing the money thereon, the Supreme Court of Michigan, speaking through a judge whose opinions are always sound and instructive, expressed the true doctrine on the subject in these words : " It is very plain that this money was obtained by a misuse of his official authority to sign warrants, and that wrongful act was an official act. If such an officer is to be regarded as acting unofficially, whenever he violates his duty, it is not easy to see what object there can be in requiring official bonds. They are not meant to be mere formalities, and they can only be made to secure against the consequences of some sort of misdoings. Their object is to obtain indemnity against the use of an official position for wrong purposes, and that which is done under color of office and which would obtain no credit, except from its appearing to be a regular official act, is within the protection of the bond, and must be made good by those who signed it. "

*Whyte* v. *Mills*, 64 Miss., 158, relied on by appellants, cannot affect the case at bar. That was not a suit in which the county was complaining of a violation of official duty by one of its officers, but the plaintiff was a party who had purchased false and fraudulent county warrants after they had been issued and put into circulation by a deputy chancery clerk, and it was sought to hold the chancery clerk liable for the wilful and unauthorized act of his deputy. The question of the liability of the clerk and the sureties on his official bond, for the violation of official duty resulting in injury to the county, was not involved in the case.

There is but little to be said in regard to the other errors assigned. The non-joinder of Griggs, even if it be admitted that he had not been lawfully released from the bond, afforded no cause for appellants to complain. Under Sec. 1134 of the Code, it was lawful to sue any one or more of the obligors on the bond. Besides, pleading in bar, was a waiver of matters in abatement, and the non-joinder appearing on the face of the declaration, it should have been objected to by demurrer, and not by plea in abatement. *Halsey* v. *Norton*, 45 Miss., 703; 1 Chit. Pl., 552, 553. The plea of the non-joinder of Griggs was out of time, and a nullity, and required no response or notice.

The fact that the county may have been indemnified by suit against the sheriff and tax-collector or county treasurer, or other persons, did not preclude it from resorting to the bond of Bracey for satisfaction. The errors, negligence or omissions of other officers constituted no defence for his breach of duty. *Marlar* v. *The State*, 62 Miss., 677; *Duncan* v. *State*, 7 La. An., 377; *State* v. *Powell*, 4 South. Rep., 46.

*Affirmed.*