## J. S. WILLIAMS ET AL. V. P. J. WILLIS & BRO.

### No. 7460.

1. **Town, Not Necessarily Incorporated.** — To constitute an aggregation of houses contiguous and inhabited a town, it is not necessary that it be incorporated.

2. **Homestead.**—One residing in a rural home can not have an urban place of business protected from forced sale as part of his homestead.   See facts.

3. **Town of San Saba.** — See charge held to correctly describe what constitutes the town of San Saba, as applied to the evidence.

4. **Business Place in Town.** — See facts sustaining a verdict, had it been found upon the issue whether the lot in controversy was the place of business of its owner, and against his claim thereto as his place of business.

APPEAL from San Saba.  Tried below before Hon. A. W. MOURSUND. No statement is necessary.

*Leigh Burleson* and *West & McGown*, for appellants.—1.  The town of San Saba, not being incorporated, is not a town nor village in the sense in which these terms are used in the Constitution, and the court ought to have charged upon a rural homestead only.   Const., art. 16, sec. 51; Rev. Stats., art. 506; 11 Mass., 430; 50 Wis., 210.

2.   The lots being used by J. S. Williams for business purposes, and as such contributing to the support and maintenance of his family, were exempt from forced sale under the Constitution as a portion of his rural homestead.  Under the Constitution of 1869 it was decided by this court, in Iken v. Olenick, 42 Texas, 195, that a house used as a place of business in the country was not exempt.  This rule was altered in Wright v. Straub, 64 Texas, 66.   Brooks v. Chatham, 57 Texas, 31; Foreman v. Meroney, 62 Texas, 726.

3.   If San Saba is such a town or village within the meaning of the Constitution, then its limits or boundaries are dependent upon the particular circumstances of the case, and this court ought, under proper instructions, to have allowed the jury to determine its limits,

and not confined the town to the original plat and additions. The State v. Eidson, 76 Texas, 302; Taylor v. Boulware, 17 Texas, 75.

*Allison & Rector* and *Rector, Thomson & Rector*, for appellees.—1. The town of San Saba, though unincorporated, is, within the meaning of the Constitution, a town. Const., art. 16, sec. 51; The State v. Eidson, 76 Texas, 302; Hargadine v. Whitfield, 71 Texas, 482; Iken v. Olenick, 42 Texas, 197.

2. In order that one who lives on a tract of land in the country may hold as a part of his rural homestead another tract of land disconnected with the first tract, he must show that said tract on which he does not live is, as used by him, necessary to the use and enjoyment of the inhabited tract as a home. It is not sufficient for him to show that he is running a cigar stand on the second tract, though said business may contribute to the support of his family. Const., art. 16, sec. 51.

3. The court did not err in his charge to the jury defining the limits of the town of San Saba, and in instructing the jury, that if they found appellant's residence tract to be outside of said limits to find for defendants. There can be no blending of urban and rural homesteads. Keith v. Hyndman, 57 Texas, 425; Swearingen & Garrett v. Bassett, 65 Texas, 267; Iken v. Olenick, 42 Texas, 197.

STAYTON, CHIEF JUSTICE.—Appellees having a judgment against J. S. Williams, caused an execution issued thereon to be levied upon two and a half lots situated in the town of San Saba, and this suit was brought to enjoin the sale of the property. On final hearing the temporary injunction theretofore granted was dissolved, and judgment entered for defendants. The lots were contiguous and inclosed, and it was claimed that they were not subject to sale, because used as a place of business.

About one year before the execution was levied, the property, which seems to have been in the business part of the town, was used to conduct a mercantile business carried on by a firm of which appellant was a member, but the firm was dissolved and that business ceased. A part of a house was subsequently used by a son of appellant as a barber shop and bath room, and therein appellant kept some cigars and tobacco for sale, mainly conducting the business through his son. Appellant for many years had owned and resided on twenty acres of land outside of the territory laid off into blocks, lots, and streets, and between the land on which he lived and the territory so laid off was a tract of land containing more than seventy acres.

The town of San Saba was originally laid out on one hundred acres of land donated to the county, and subsequently additions have been made, but none of these are on the east side of the town as originally laid out, beyond which is the residence of appellant. Between the

eastern boundary of the town and the land on which appellant has long resided the land is not occupied for residence or town purposes, nor is it laid off into streets, blocks, and lots.

It is contended that within the meaning of the law San Saba is not a town, because unincorporated; and that for this reason the property in controversy, as well as that on which appellant resides, is rural, and he is entitled to hold both as a rural homestead. To constitute San Saba a town within the meaning of the Constitution, it is not necessary that it be incorporated. Iken v. Olenick, 42 Texas, 197; Hargadene v. Whitfield, 71 Texas, 482.

That within the meaning of the law the property is situated in a town the evidence proves beyond controversy; and if that on which appellant resided was not within the town, it follows that the property in controversy was subject to sale for the payment of appellant's debts; for one having a rural residence can not have an urban place of business protected from forced sale as a part of his homestead. Swearingen v. Bassett, 65 Texas, 271; Pridgen v. Warn, 79 Texas, 592; Posey v. Bass, 77 Texas, 512. If the residence was within the town, then the property would not be subject to forced sale for the payment of appellant's debts if so used as to make it his place of business.

There was a general verdict in favor of defendants, and we are therefore unable to determine whether the finding was on both issues submitted or only on the issue whether the residence of appellant was within the town; for the court instructed the jury, in effect, that they would find for defendants if they found under the instruction that the residence was without the town.

The charge given upon that subject was as follows: "The one hundred acres, more or less, originally given to San Saba County site, and such additions as, from time to time, have since been made to the town of San Saba by laying same off into blocks, with streets intervening, and dedicating the streets so laid off to public use, constitute the town of San Saba, and all not embraced within the limits of said one hundred acres, more or less, and said additions, is in law in the country, and outside of the town of San Saba. If, from the evidence adduced in this case, you find that the land on which plaintiff J. S. Williams resides, and did reside on July 19, 1887, is not within the limits of the town of San Saba as above defined, your inquiry need extend no further, and you will find for the defendants."

This charge as to what constituted the town embraces the substance of what was said in Taylor v. Boulware, 17 Texas, 78; but it may be too restrictive. If, however, this be true, under the evidence, we are of opinion that the jury could not have found that the residence was within the town, and it would have been the duty of the court to have set aside such a finding had it been made.

The cases of Posey v. Bass and Pridgen v. Warn were cases in which the residence properties were contiguous to that laid off into streets, blocks, and lots, but they were held not to be urban on account of locality or of purpose for which used.

The residence of appellant is not contiguous to the land laid out and used for urban purposes, but is separated from that by intervening land not shown to be any part of the town on account of the manner in which it was used or otherwise. The twenty acres of land on which appellant resides is used as a residence, irrigated garden, and for pasturage, the greater part of it being adapted only to the latter use; but if it could be held that its use was urban, still its situation with reference to the town would forbid a holding that it was a lot or lots in a city, town, or village. If the jury found that it was not, their finding was correct; and if, under the charge, the jury found that the cigars and tobacco were placed in the house as a mere pretense of business for the purpose of protecting the property from forced sale, and not for the bona fide purpose of business, then it would be difficult to hold that their finding was not sustained by the evidence.

So on neither issue can the judgment be disturbed by this court, and it will be affirmed.

*Affirmed.*

Delivered April 22, 1892.