### J. E. FOUST ET AL. v. SANGER BROS.

Delivered April 1, 1896.

**1.  Homestead—Must be Urban or Rural.**

The homestead must be either urban or rural, and where a town lot is occupied as the homestead, land adjacent thereto in the country cannot be claimed as a part thereof.

**2.  Same—Business Homestead Must be Used.**

To entitle the head of a family to a business homestead, the property must be used in the operation of his business.

APPEAL from Limestone.  Tried below before Hon. RUFUS HARDY.

*J. B. Kimbell,* for appellants.—1.  A fair construction of sections 50 and 51, article 16, of our Constitution, will not support the proposition that a rural homestead, to merit the protection, must be wholly without the limits of the town, and that any part of a solid body of land, used for the purpose of a rural home, which happens to fall within the town lines, loses its protection.  Taylor v. Boulware, 17 Texas, 78; Posey v. Bass, 77 Texas, 512; Pridgen v. Warn, 79 Texas, 592; Williams v. Willis, 19 S. W. Rep., 683; Fitzgerald v. Reese, 65 Miss., 473; Waples on Homestead, 225-227; Parisot v. Tucker, 65 Miss., 439.

2.  The lot or lots in a town where the head of the family pursues his calling is exempt as his business homestead, and an intention to abandon it as such, however well defined and fixed, does not alone constitute abandonment.

*Farrar, Williams & Farrar,* for appellees.—1.  Whatever may be the policy of other States, as exemplified in their Constitutions and statutes, in Texas there can be no blending of the urban and rural home-

stead, or, in other words, the homestead must be wholly an urban home-stead or a rural homestead. Swearingen v. Bassett, 65 Texas, 267; Johnston v. Martin, 81 Texas, 18; Bank v. Walsh, 26 S. W. Rep., 1113; Iken v. Olenick, 42 Texas, 195; Keith v. Hyndman, 57 Texas, 425; Rogers v. Ragland, 42 Texas, 422; Evans v. Womack, 48 Texas, 230; Andrews v. Hagadon, 54 Texas, 571.

2.   The business homestead provided for in section 51 of article 16 of our Constitution ceases to exist the moment the head of the family ceases to use it for exercising the calling or business of the head of the family.   Hill v. Hill, 85 Texas, 103; Tackaberry v. Bank, 85 Texas, 488; Shryock v. Latimer, 57 Texas, 674; Pfeiffer v. McNatt, 74 Texas, 640; Miller v. Menke, 56 Texas, 539.

*Frost, Neblett & Blanding*, also for appellees.

FLY, ASSOCIATE JUSTICE.—Appellees sued J. E. Foust and his wife, M. E. Foust, W. J. Foust and E. P. Foust, alleging the execution by them of three promissory notes each for $595.30, and secured by a deed of trust on 39 acres of land lying adjoining the town of Thornton, and parts of lots 8, 9 and 10, in block 11, of the town aforesaid. It was also alleged that appellants were indebted to appellees in the sum of $66.66, as evidenced by a promissory note which was secured by a vendor's lien on aforesaid lots.

Appellants, J. E. Foust and W. J. Foust, answered that they were married men; that at the time the deed of trust was executed they were merchants doing business in the town of Thornton; that they each owned an undivided one-half interest in the land described as a part of lots 8, 9 and 10, in block 11, on which there was erected a wooden storehouse, and that they used the same at that time as their business homestead.   J. E. Foust further alleged that, at the time of the execution of the deed of trust, the 39 acres of land lying adjacent to the town of Thornton was his homestead, and was occupied as such by him.   J. E. Foust prayed that, in the event the 39 acres of land should be declared not exempt from the operation of the deed of trust, then it be decreed that he have a homestead interest in the storehouse and lot, and W. J. Foust prayed that the other half of the storehouse and lot be declared to be his business homestead.

The court having tried the case, without the aid of a jury, rendered a judgment for appellees for their debt, with a foreclosure on the town lots and the 39 acres of land outside the town of the lien given by the deed of trust, and a foreclosure of the vendor's lien on the town lots to secure the payment of the purchase money note.

It appears from the evidence that the town of Thornton was laid off and platted by a civil engineer in 1870, being one mile square and containing 640 acres of land.   It was divided into blocks and lots.   One J. E. Barron owned block 15 in said town, and sold to Abernathy, the vendor of J. E. Foust, one acre off said block.   Before his purchase of

the lot, Abernathy had bought 39 acres of land from Barron just outside the town limits, and adjacent to the town lot he afterwards purchased. Abernathy built a house on the town lot, and occupied it until he sold to J. E. Foust in 1889. There was no street between the town lot and the 39 acres, but there is a street running in front of the lot. The residence and outhouses and garden of J. E. Foust are in the town lot, but a portion of his orchard runs across the town line and on to the 39 acre tract. J. E. Foust had lived on the acre of land in town since 1889. About 15 acres of the 39 acres is in cultivation, and was cultivated by J. E. Foust. There were about 600 inhabitants in Thornton when appellant moved there in 1889, and about the same number when this cause was tried. J. E. Foust was postmaster of Thornton for a number of years, and was also engaged in merchandising. He and his son were not using the lots described in the deed of trust as a place of business at the time of its execution, but had abandoned their use as such.

That appellants were indebted to appellees in the sum sued for, is admitted by them. That they gave the deed of trust on the land to secure the debt, is also uncontroverted. But they were before the District Court, and are now before this court, asking, in the face of a long line of decisions, that they be given two urban homesteads and one rural homestead, in order that they may avoid the payment of a valid debt. Bountiful provision has been made for the protection of every family in its right to a homestead, the object being not only to protect a place where the family has a shelter and a home, but a place where the head of it can have the opportunity afforded to make a livelihood and support for those under his care. The homestead exemption, therefore, in the country is extended to two hundred acres of land, where by tilling the soil a maintenance and support may be obtained. The urban homestead is measured by value at the time of designation, and not by size, and, with the same wise purpose in view, the protection of the law is extended not only to the place of residence, but also to the place where the head of a family is laboring to obtain a livelihood for the family. But, whether in town or country, there is but one homestead protected. It may for convenience be situated in different lots or parcels, but it must to all intents and purposes be one homestead. The term lot or lots used in the constitution was never intended to include lands in a city or town, and those without the jurisdictional limits. In an unbroken line of decisions, it has been held in this State that there can be no blending of urban and rural homestead, so that part of it can be in the town and part in the country. Iken v. Olenick, 42 Texas, 195; Keith v. Hyndman, 57 Texas, 425; Swearingen v. Bassett, 65 Texas, 271; Williams v. Willis, 84 Texas, 398.

This is not a case that comes within the purview of the decisions cited by appellants. In Taylor v. Boulware, 17 Texas, 77, it was decided that where the limits of a town are extended by the legislature so as to include a country homestead, the latter does not thereby immediately become an urban homestead. It was not questioned, however,

that after the plat or plan of the town was extended so as to include the urban homestead, a change would be wrought in its character. In the case of Bassett v. Messner, 30 Texas, 604, the power of the municipality to make the conversion, without the consent of the head of the family, was denied. In the case of Posey v. Bass, 77 Texas, 512, it was held that the mere laying out of contiguous lands into streets, and their division into blocks and lots, will not affect the question of homestead. In that case it was distinctly announced that a person would not be entitled to homesteads in town and country. The case of Pridgen v. Warn, 79 Texas, 588, seems to have turned on the question of whether or not Thomaston was a town, and having decided that it was not, perforce the homestead was a rural one, and was to be judged by the tests applied to a rural homestead. In the case of Williams v. Willis, 84 Texas, 398, it was held that a town need not be incorporated to constitute it a town within the meaning of the constitution, and further, that a person having a rural residence cannot have an urban place of business protected from forced sale as a part of his homestead.

The acre lot occupied by J. E. Foust as a homestead was within the limits of the town of Thornton when he acquired it, and he cannot claim land bought at the same time and lying contiguous to it, outside of the corporate limits, as a part of his urban homestead. The homestead must be of one character or the other, and the homestead character, by the acts of appellant J. E. Foust, has become attached to the town lot. The cases of Fitzgerald v. Reese, 65 Miss., 473, and Parisot v. Tucker, id., 439, are cited as authority, and seem to support the contention of appellants; but we do not consider them sound, even under the statutes of Mississippi copied in them, and they are clearly in conflict with the decisions of this State. We have not been referred to, nor by investigation have we discovered, any authority that supports the Mississippi decisions. The judgment of the court released from the lien of the deed of trust that portion of the 39 acres of land on which a part of the barn and part of the orchard was situated, and in this respect appellants obtained from the judgment more than they were entitled to, which is not, however, complained of by appellees.

At the time that the deed of trust was executed by appellant the storehouse and lot claimed as a business homestead was not occupied as such by them. They had rented the storehouse, and it was rented up to the time of the trial. Mere ownership of property on which the head of a family might carry on business does not give the homestead character to the property, but to do this it is necessary that the property be used in the operation of the business. Tackaberry v. Bank, 85 Texas, 488.

There is no error in the judgment of which appellants have cause to complain, and it is affirmed.

*Affirmed.*