Williams, J.
The condition of the bond sued on is, as required by statute, that the clerk shall faithfully perform the duties of his office during the term for which he was chosen; and, in order to ascertain whether there has been a breach of. that condition, rendering the sureties liable for the damages claimed, it is necessary to inquire into the duties of the officer, and determine whether a violation of them, resulting in such damages, is shown in either of the causes of action in question. These duties, which are prescribed in various provisions of the statutes, may, so far as they are relevant to the case, be summarized as follows: In cities having no auditor, (and there appears to be no provision for such an officer in cities of the grade and class to which the plaintiff belongs), the duties of that officer are devolved on the clerk, who is thus required to keep separate accounts of the several funds of the municipality, the amounts belonging to each, the unpaid claims against each fund, and the balance standing to its credit, and not to allow any fund' to be overdrawn, or drawn upon except for the specific use for which it is appropriated. He is moreover required to examine all vouchers presented for the purpose of obtaining warrants on the treasury, and in case there is no fund out of which a voucher can be lawfully paid, or if, for any cause it should not be approved, it is made his duty to give immediate notice of" the fact to the proper authority for the *476 allowance of claims against the city ; and, if he shall approve any voucher which should not be paid, the statute provides that “he and his sureties shall be individually liable.” Revised Statutes, sections 1762, 1765. By section 1768, the city treasurer is made the custodian of the municipal funds, and he is required to disburse the same on the order of such officer as may be authorized by law or ordinance to issue orders therefor; and, by a provision of section 2690, no claim against the corporation can be paid by the treasurer except upon the warrant of the clerk or auditor. Appropriations of the municipal funds can only be made by ordinance, which must contain an explicit statement of the purpose for which the ‘appropriation is made; and the clerk is charged with the duty of making and keeping accurate records of the proceedings of the council, and of all resolutions and ordinances passed by it. He is given the custody of the books, records and ordinances,and required to keep and preserve them in his office. Revised Statutes, sections 1693, 1755, 1762.
It will thus be seen that the law designed to make the office of city clerk a substantial safeguard against encroachments on the treasury of the city, and any misappropriation of the public moneys. No claim can properly reach the treasury for payment except through the city clerk, and with his official sanction; and he is charged with the important duty of protecting the city from the payment, out of its public funds, of any but just and valid claims for whose payment the council has made the necessary appropriation and allowance. It is a palpable violation of his official trust to aid in the procurement of those funds in any other way, or for any other use. His sureties stand for his official *477 integrity in this respect, and are liable for losses resulting from his official dishonesty. When, therefore, the defendant Elliott drew fraudulent warrants on the plaintiff’s treasury for amounts greater than were due to the creditors in whose favor th’ey were drawn, and greater than had been authorized by the council, obtained from the treasury' the whole amount represented by the warrants, and appropriated the excess to his own use, he grossly misused his official position to perpetrate frauds on the city, whose loss so occasioned is within the obligation of his bond. It was manifest unfaithfulness to official duty, against the consequences of which the sureties undertook to indemnify the plaintiff. So, also were the fraudulent alterations of the claim ordinances passed by the council, thus falsifying the records which it was his duty to carefully and accurately keep and preserve, by inserting unauthorized claims, and thereafter drawing warrants therefor on the treasury, receiving the money on them, and converting it to his own use.
It is argued in support of the demurrers, that the grounds of complaint made in the petition are the alleged failures of Elliott to properly account for and pay over the moneys he wrongfully obtained from the treasury, which, it is urged, were his individual delinquencies, and not official defaults for which his sureties are answerable, because neither the receipt nor disbursement of the moneys pertained to his office. And cases are cited which hold that sureties on official bonds, conditioned that the principal should faithfully account for and pay over all moneys received by him, are not liable for any misappropriation of money which came to his hands otherwise than by virtue of his *478 office. The principle is elementary. The obligation of sureties must be found in the instrument by which they are bound, and cannot be enlarged beyond its terms. But there was no. failure of Elliott to account for and pay over the moneys he wrongfully received, except his failure to cover them back into the treasury. His wrong was in the means employed to obtain the money ; and while these were violations of law, they were nevertheless official acts. If the acts of an officer are to be regarded as unofficial whenever they are illegal, an official bond could serve no useful purpose, for there can be no breach so long as he performs his duties according to law. It is only when some duty has been omitted, or disregarded, or improperly or illegally performed, that a liability can arise. The drawing of warrants on the treasury for the payment of claims out of the public funds was in the line of Elliott’s duties as city clerk. His authority and duty was to draw only such warrants as were for valid claims which had been allowed by the city council; and, as has already been seen, it was equally his duty to withhold his official approval from all other classes of claims. These duties he violated when he drew and signed, in his official character, the unauthorized and fictitious warrants upon which he received the money. These warrants were issued under color of his office, bore his official authentication, purported to be legal and valid vouchers, and were presented and paid as such. They were the means by which he obtained the money; and the object of his bond was to afford indemnity against such official misconduct.
It is said, however, that the treasurer was at fault in paying the warrants to Elliott; that, though *479 payable to bearer, they were non-negotiable except by endorsement of the payee; and, that the treasurer was negligent in not requiring such indorsement. Conceding that the treasurer was misled by the form of the warrants, they were so drawn by the clerk to enable him to obtain the money on them ; and thefaultwas none thelesshis because the device succeeded. And if the treasurer was negligent in paying them in that form, his negligence was but a contributing cause of the loss suffered by the city, the primary wrong which brought it about being their fraudulent issue by the clerk. No excuse can be found in the negligence of the treasurer for the malfeasance of the clérk, nor can it affect the liability of the sureties on his official bond. Cricket v. State, 18 Ohio St., 9; Campbell v. People, 154 Ill., 595; People v. Treadway, 17 Mich., 480.
We are of opinion that the plaintiff is entitled to recover upon each of the causes of action stated in the amended petition, not exceeding in the aggregate the penalty of the bond; and the courts below erred in sustaining the demurrers.

Judgment reversed.