. 10      SUPREME COURT OF INDIANA.

Armington. et al. v. The State, ex rel. The City of Greensburgh.

## ARMINGTON ET AL. v. THE STATE, EX REL. THE CITY OF GREENSBURGH.

OFFICIAL BOND.—*Demurrer.*—Where several breaches of an official bond are set out in a complaint of a single paragraph, a demurrer " to each and every paragraph of the plaintiff's complaint, for the reason that the same, in connection with neither of the breaches, nor with all of them, does not set forth facts sufficient," etc., must be overruled, if either breach presents a good cause of action.

SAME.—Such a demurrer does not present the question whether, under the code, a demurrer can be filed to one of several breaches assigned in the same paragraph of a complaint.

SAME.—*City Clerk.—Sureties.*—A city clerk, under color of his office, filled up, and signed certain city orders which had been signed in blank by the mayor, made them payable to himself, presented them to the treasurer, and procured the money thereon, when nothing was due him from the city.

*Held,* that this was a breach of his official bond, for which his sureties were liable. It was a part of his official duty to draw and countersign all orders on the city treasury. Issuing an order was an official act, and making it payable to himself did not change the official into a non-official act.

SAME.—*Inconsistent Pleading.—Set-Off.*—In one paragraph of answer, the sureties alleged that when the clerk received the money on the orders claimed to have been illegally issued by him, the city was indebted to him one thousand. dollars. In a subsequent part of the paragraph, they expressly admitted that he received from the city treasurer, on orders unlawfully filled up by himself, three hundred and eighty-two dollars over and above what was due him from the city, and without any allowance by the city council.

*Held,* that this admission was inconsistent with and controlled the averment in the former part of the pleading, that the city owed the clerk one thousand dollars.

*Held,* also, that the paragraph was not good as an answer of set-off.

From the Decatur Circuit Court.

*B. W. Wilson,* for appellants.

*S. A. Bonner* and *J. L. Brocken,* for appellee.

OSBORN, J.—This was an action upon the official bond of the city clerk of the city of Greensburgh. Armington and Johnston are sureties. The condition of the bond is, that Denning, the principal, will faithfully perform the duties of his office and pay over all sums of money received by him according to law and the ordinances of the city.

Armington *et al. v.* The State, *ex rel.* The City of Greensburgh.

The complaint is in one paragraph. The breaches assigned are:

1. That during his continuance in office he fraudulently and unlawfully, as such clerk, issued to himself city orders for three hundred and eighty-two dollars, and procured of the city treasurer the amount of the orders, when it was not due to him, and that he thereby defrauded the city and procured that sum of money unlawfully.

2. That during his continuance in office, and while in possession of the books and accounts of the city as such clerk, he unlawfully embezzled five hundred dollars of the money of the city by issuing to himself city orders for four hundred dollars over and above what was due to him, and procuring the money from the treasurer, and, by making false entries on the books of the city in his possession, attempted to show that the orders had been issued to other parties.

3. That during his continuance in office, Denning, as city clerk and by virtue of his position as such, procured of the moneys of the city three hundred and eighty-two dollars and ninety-seven cents, which was not due him from the city; that the common council, by a resolution passed in his presence, at a regular meeting thereof, on the 17th of October, 1872, required him to account and pay over to the city treasurer within ten days from that date all moneys in his hands by virtue of his office, other than the amounts due him as such clerk and for his contracts for lighting the city; that he failed and refused, and yet fails and refuses, to make any account or pay over to the treasurer such money or any money, but has fraudulently absconded and left the State, leaving the debt due and owing.

The sureties filed a demurrer to the complaint, in which it is stated that they "demur to each and every paragraph of the plaintiff's complaint, for the reason that the same in connection with neither of the breaches, nor with all of them, does not state facts sufficient to constitute a good cause of action against them or either of them." Denning also filed a demurrer to the complaint, on the ground that it did not

state facts sufficient to constitute a cause of action against him. Both demurrers were overruled, to which exceptions were taken.

The sureties then filed an answer of two paragraphs:

1. The general denial.

2. The second avers that the clerk had a running account with the city for his services as clerk, and also for services in lighting the lamps of the city, and that for these two items up to the time when he issued the last order, the excess in his favor amounted to the sum of one thousand dollars. They further aver that the city officers permitted him to draw at pleasure for any amount due him; that at and before the time of issuing the orders mentioned in the complaint, a book of blank orders was placed in his hands, and from time to time the mayor of the city signed orders in blank, and in that condition left them with the clerk; that all the orders referred to in the complaint were so signed by the mayor, and attested and countersigned by Denning as clerk; that the orders referred to in the complaint as having been wrongfully used were filled by Denning and made payable to himself, and in this way presented to the treasurer and by him paid, " to wit, to an amount over and above the amount due him, said Denning, on account, as stated, the sum of three hundred and eighty-two dollars." It is expressly admitted that allowances were not made by the council covering the amount so overdrawn, and that the amount was not due on any claim fixed by law, but that the orders were wrongfully issued by Denning, he pretending and averring as the orders were presented and paid, that the amounts were due him for services; that the amounts were paid to him by the treasurer on the pretence of Denning that they were due to him on account of services; and so they say that Denning indirectly, and not as clerk, wrongfully caused the treasurer to pay him on the orders the sum of three hundred and eighty-two dollars as stated, and that they are the same grievances complained of in the complaint.

A demurrer was filed and sustained to the second paragraph of the answer, and an exception taken.

Denning filed an answer of general denial. The cause was tried by the court, resulting in a finding for the appellee for three hundred and eighty-two dollars and ninety-seven cents. Final judgment was rendered on the finding.

The errors assigned call in question the rulings of the court on the demurrer to the complaint and to the second paragraph of the answer.

The language of the demurrer is not such as to present the question whether a demurrer can be filed to one of several assignments of breaches of the condition of a bond in the same paragraph. If it had been to each assignment of a breach, instead of each paragraph of the complaint, we could then consider and decide whether the rule that a demurrer will not lie to a part of a paragraph is applicable, where two or more breaches of the condition of a bond are assigned as in the complaint in the case at bar. The demurrer is to the whole complaint, and not to the breaches separately.

Denning, the city clerk and principal in the bond, under color of his office, unlawfully drew and issued orders upon the city treasury, payable to himself, presented them to the treasurer, and procured the money thereon, when there was nothing due to him from the city. That was a breach of the condition of the bond. It was a part of his official duty to draw and countersign all orders upon the city treasury. Sec. 22, 3 Ind. Stat. 71. Issuing an order was an official act. Making it payable to himself did not change the official into an individual act of the clerk. The condition of the bond was broken by unlawfully issuing the orders and thereby enabling the payees or holders to draw the money from the treasury. The damage sustained by reason of such breach would be the sum of money paid out on the orders, not exceeding their amounts and interest thereon. The fact that the mayor signed orders in blank for the clerk to fill up and countersign, as a matter of convenience or other-

wise, can constitute no defence to his sureties for a violation of his official duty.

It is expressly admitted in the second paragraph of the answer, that Denning received from the city treasurer, on orders unlawfully filled up to himself, the sum of three hundred and eighty-two dollars over and above what was due to him from the city, and in the absence of and without any allowance by the city council. That admission is inconsistent with and controls the averment in the former part of the paragraph, that there was due to the clerk from the city the sum of one thousand dollars, and the position of the appellants that the facts alleged in the paragraph made it good as a set-off cannot be maintained.

It follows from what we have said, that the court committed no error in overruling the demurrer to the complaint, or in sustaining the demurrer to the second paragraph of the answer.

The judgment of the said Decatur Circuit Court is affirmed, with costs and five per cent. damages.