## MAHASKA COUNTY V. RUAN ET AL.

1. **County Auditor:** LIABILITY OF SURETIES: COMPENSATION OF. The sureties upon the bond of a county auditor are liable for any overdrafts he may have made by issuing warrants payable to himself and receiving from the treasurer the amount thereof, in excess of the compensation allowed him by the board of supervisors.

2. ————: ————: SCHOOL FUND JUDGMENT. The auditor is not authorized to receive money collected upon judgments in favor of the school fund, and his sureties are not liable for an amount thus collected and paid by the clerk to the auditor.

3. **Practice in the Supreme Court:** INTERLINEATION IN ABSTRACT. Where there is a written interlineation in the petition set out in the printed abstract, without which the finding of the court below could not be sustained, it will be presumed, in the absence of any showing to the contrary, that the abstract as amended is correct.

*Appeal from Mahaska District Court.*

SATURDAY, DECEMBER 16.

THIS action was brought to recover of the defendant, Ruan, as county auditor, and of his sureties, for rents collected and belonging to the county, for costs paid him in road cases, for overdrawing his salary, for money received by him of the clerk of the District Court as the amount of a school fund judgment, and for copies of the Code received by him and not accounted for.

The District Court found that the defendants were liable for the sum of $302.92 for rents collected; $100 for costs in road cases; $150 for overdrawing salary; $655.05 for money received on school fund judgment, and $168 for copies of the Code. Judgment for plaintiff. M. Crookham and other sureties appeal.

*Crookham & Gleason*, for appellants.

*M. E. Cutts*, for appellee:

ADAMS, J.—I. Ruan's salary was fixed by the board of supervisors at eighteen hundred dollars per year. For 1872 he drew thirteen orders on the county treasurer for $150 each, which orders were paid, amounting to nineteen hundred and fifty dollars, being one hundred and fifty dollars in excess of his salary. It is contended by the appellants that they are not liable as sureties for such overdraft, and they place their exemption upon the ground that the money was not received by Ruan by virtue of his office. But we think that this position cannot be maintained. Ruan was authorized by law to sign orders; the record shows that he drew the money upon such orders. The treasurer was not in fault in paying them.

*1. COUNTY auditor: compensation of: liability of sureties.*

II. Were Ruan's sureties liable for the money received by him from the clerk of the District Court on the school fund judgment? We think not. Section 1867 of the Code provides that, "when any person desires to pay either principal or interest due on the school fund he shall obtain a certificate from the county auditor specifying the amount due from such person to the school fund, stating whether it is principal or interest, or both     *     *     *     * upon the presentation of which certificate to the county treasurer the treasurer shall receive the amount so specified."

*2. ——: ——: school fund judgment.*

From the foregoing section it appears that, although the auditor may have charge of the school fund notes, it is not his duty to receive money thereon, but it is made expressly the duty of the county treasurer. If he may not receive money upon school fund notes we see no reason why he should upon a school fund judgment.

Some stress seems to have been laid by the plaintiff upon a resolution passed by the board of supervisors, and which is in these words: "Resolved, that the auditor is directed to furnish the county attorney with a list of persons indebted to the school fund of this county and whose notes are past due, and

that said county attorney is hereby directed to bring suit against all delinquents."

We are unable to see how authority to furnish the county attorney a list of the persons indebted to the school fund gave authority to receive money on the judgments which might be obtained against such persons. The authority to furnish a list of the delinquents would hardly furnish as strong an implication of authority to receive the money which might be collected as the custody of the notes; but that Ruan already had, and it is not claimed that any authority was derived therefrom. · In our opinion, the money was received without authority and no recovery can be had against Ruan's sureties therefor.

III. It is claimed by appellants that the court erred in charging Ruan with so many copies of the Code. It is said 3. PRACTICE in that he was held liable for more than the petition the supreme court: inter-shows that he received. On this point we have lineation in abstract. to say that the petition, as set out in the abstract, appears to be amended by an interlineation with a pen. As the finding of the court would not have been justified unless the allegation in the petition was such as is shown in the abstract as amended by the interlineation, we will, in the absence of any showing to the contrary, presume that the abstract as thus amended is correct.

Some other errors were assigned by appellants, but no others being discussed in their brief we regard them as waived.

The sum of $655.05, allowed for money received on the school fund judgment, should be deducted from the judgment rendered against the appellants, and the plaintiff should have judgment only for the balance.

MODIFIED AND AFFIRMED.

SEEVERS, CH. J., having been of counsel in this case, took no part in its determination.