JOHN SPINDLER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

*Filed at Springfield January 14, 1895.*

1. COUNTY CLERKS—*issuing a county order is an official act.* The issuing of a county order by a county clerk is an official act, and not the individual act of the clerk, although he makes the order payable to himself.

2. BONDS—*liability of county clerk's sureties.* Sureties on the bond of a county clerk are liable for the amounts of county orders issued by the clerk and paid to himself, in excess of the amount allowed by the board of supervisors.

3. As to other questions involved, this case is controlled by *Campbell* v. *People, ante*, p. 595.

*Spindler* v. *People*, 51 Ill. App. 613, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

ALFRED SAMPLE, C. H. YEOMANS, E. C. GRAY, and J. H. MOFFETT, for appellants.

COOK & MOFFETT, for appellees.

BAKER, J.: This was an action on the official bond of Merton Dunlap, as county clerk of Ford county, for the term of four years, beginning the first Monday in December, 1886, and ending the first Monday in December, 1890. The sureties, only, were served with process and the principal did not appear. The case was tried before the court without a jury, by consent, and resulted in a finding for the plaintiff, the damages being assessed at $4571.35. Judgment was accordingly. The present appeal is from a judgment of affirmance in the Appellate Court.

The demands that went to make up the damages assessed were as follows: First, fees amounting to $378.38 that were received by the clerk and not accounted for in his semi-annual reports; second, allowances amounting to $572.99 that were made to the clerk by the board of supervisors for services rendered the county, and which he never accounted for in his semi-annual reports; third, county orders issued by Merton Dunlap, as county clerk, without authority from the county board, payable to third parties named therein, or bearer, said orders, amounting to $634.57, having been collected by Dunlap and converted to his own use; fourth, an excess of $454.83 included by Dunlap in certain county orders issued by him as county clerk, payable to named third parties, or bearer; said excess was over and above the total of the amounts allowed by the county board, and was paid to

Dunlap and converted by him to his own use; fifth, county orders issued by Dunlap as county clerk, payable to himself and paid to himself, and being $2530.48 in excess of all amounts allowed him by the county board.

In respect to the first, second, third and fourth classes of these demands, this case is identical with the case of *Campbell et al.* v. *People, ante,* p. 595, and is controlled by the decision there made. And the fifth class of demands, consisting of unauthorized county orders issued by Dunlap payable to himself, stands upon the same footing. The issuing of county orders were official acts, and making them payable to himself did not change the official into individual acts of the clerk. *Armington et al.* v. *State,* 45 Ind. 10. See, also, *People* v. *Treadway et al.* 17 Mich. 480, *Cricket et al.* v. *State,* 18 Ohio St. 9, and *Mahaska County* v. *Ruan et al.* 45 Iowa, 328, which are all to the same effect.

It appears that it was customary for the clerk to deposit the orders at the bank of Blackstock & Co., where the county treasurer kept his funds, and the bank would pay the money to Dunlap, he claiming, as to those not payable to him, that he was the agent of the payees. The bank would, at intervals, receive checks from the treasurer for the amount of orders so received and on hand, and he would report the orders to the county board in his next semi-annual statement, and the over-issue not then being detected, the board would approve the report and destroy the orders.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*