# TERRITORY OF HAWAII *v.* EDWARD V. RICH-ARDSON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 8, 1904.    DECIDED DECEMBER 31, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

INDICTMENT OF OFFICER FOR EMBEZZLEMENT—*averment of appointment.*

In an indictment of an officer for embezzlement, it is not neces-sary to set forth particularly in what manner or by whom he was appointed.

ID.—*duplicity.*

Under a statute relating to embezzlement by officers and others who are charged by "law, regulation or appointment" with the safe-keeping, transfer or disbursement of money, it is not duplici-tous to aver in an indictment that the officer was so charged by "law, regulation and appointment" instead of by only one of these methods, they not being inconsistent methods.

ID.—*what officers liable.*

Under such a statute, an inferior officer or clerk whose office or appointment is recognized by statute only in the appropriation bill, is within the statute if he is charged with the safe-keeping, etc., of money by regulation or appointment; he need not be charged by law.

ID.—*regulation or appointment not inconsistent with law.*

A clerk of the waterworks may be charged by regulation or appointment with the safe-keeping, transfer or disbursement of money although the superintendent of waterworks is charged by law with the duty to "collect all water rates from ships and per-sons in Honolulu or its vicinity."

OPINION OF THE COURT BY FREAR, C.J.

This case comes up, by special allowance of the trial judge before the final disposition of the case in the circuit court, on an exception to the overruling of a demurrer to an indictment for embezzlement. The demurrer is based on the grounds that the indictment (1) charges no offense under the laws (2) is duplicitous, and (3) vague and uncertain.

We will assume, as contended by the defendant, that the indictment is founded on Act 60 of the laws of 1903 and that it cannot be regarded as founded on section 158 of the Penal Laws, as amended by Act 10 of the laws of 1903. Act 60 provides "that any officer or other person who, by any law, regulation or appointment, now or shall hereafter be charged with the safe-keeping, transfer or disbursement of any money, note or other effects or property belonging to the Territory of Hawaii," etc., "shall be deemed guilty of embezzlement," etc. The indictment charges the defendant as "a person employed in the Department of Public Works of the said Territory of Hawaii, to wit: clerk of the Honolulu Waterworks," and "by law, regulation and appointment, charged, as such clerk of the Honolulu Waterworks, with the safe-keeping, transfer and disbursement of money, notes, effects and property belonging to the said Territory of Hawaii," etc.

The grounds of the demurrer will be considered by the court, as they were by counsel, in their inverse order.

1. The arguments in support of the second and third grounds seem to overlap to some extent. In so far as the third ground need be considered separately from the second ground, the contention is that the indictment should have alleged when and how the defendant was appointed and the authority for his appointment, and the only case cited in support of this contention is that of *State v. Flint,* 62 Mo. 393, in which the court, after discussing an indictment for embezzlement at some length, added: "We think it was objectionable also on account of its defective allegations of agency. It merely stated that the

defendant was the agent of the state and county. It should have alleged when and how he was appointed and the authority for his appointment." This brief statement of the Missouri court seems to be in conflict with the great majority of decisions as well as with the forms of indictments set forth in the books. See *State v. Goss,* 69 Me. 22, and cases cited in 7 Enc. Pl. & Pr. 421; 18 Cent. Dig., 703. The form in the present case is similar in this respect to the form in Territory v. Wright, *ante,* 123.

2.    In support of the second ground of demurrer it is contended that the indictment is duplicitous in that it avers that the defendant was charged with the safe-keeping, etc., "by law, regulation and appointment," and that it should, in order to stand, have averred that he was so charged by one of these methods only. There is no doubt that an indictment cannot properly charge two or more distinct offenses in the same count, and it is improper to charge two or more inconsistent matters, each of which might constitute an essential part of the offense. For instance, in *State v. Flint,* supra, an indictment for embezzlement was held bad because it charged a conversion of money both by way of investment in property and by way of secreting the money—which were held to be inconsistent methods of conversion. In *Larison v. State,* 49 N. J. L. 256, an indictment which charged that the defendant did send and convey an insulting and annoying letter and communication was held bad because sending and conveying were inconsistent, but there was no inconsistency between insulting and annoying or between letter and communication. If there is no inconsistency in the matters alleged, there is no reason why they may not all be alleged—in the conjunctive, of course, if they are set forth in the statute in the disjunctive. We see no inconsistency between law, regulation and appointment. If the defendant could be charged in one of these ways, he could also be charged in any two or all of them. If he is charged by law, he may be further charged by regulation or appointment, even though such regulation or appointment might be unnecessary and add nothing to

the law; they would not be inconsistent with the law.   See 10 Enc. Pl. & Pr. 536 *et seq.*

3.   It is argued in support of the third ground of the demur- rer that the defendant being merely an inferior clerk or employee, whose appointment and duties are not prescribed by statute, is not an officer or other person charged with the safe- keeping, transfer or disbursement of money, within the mean- ing of the statute under which he was indicted, and further, that he could not be so charged with the safe-keeping, etc., of money by regulation or appointment as distinguished from law for the reason that the statute expressly so charges the superin- tendent of waterworks and that any regulation or appointment inconsistent with the statute would be void.   The Territory, on the other hand, contends that these questions are settled adversely to the defendant by the decision in the *Wright* case, cited supra.   That decision (pages 128-132) contains much that bears upon these questions although it cannot be regarded as an adjudication of all of them.   It does decide at least that the defendant in the present case is an officer or employee of the Territory and not merely of the superintendent; in that case, as in this, the statute under which the indictment was found related to officers or other persons, and the office of the defendant was recognized by statute only in the appropriation bill, as is the case with this defendant.   But in that case the statute related to officers or other persons who were "entrusted with, or had the possession," etc., of property, etc., and was not confined, as is the statute now in question, to officers or persons who are "charged with" the safe-keeping, transfer or disbursement of money, etc.   And yet the court in that case apparently were of the opinion that a charge or authority to safe-keep, transfer or disburse public money might be by regulation or appointment as well as by law.   On page 132 the court used the following language, referring to the provision in the Audit Act that, "all persons who, by any law, regulation or appointment are now, or shall hereafter, be charged with the duty of collecting or receiv-

ing revenue or other moneys on account of the Hawaiian Government, or with the duty of disbursing moneys," etc. :

"There is no requirement of statute that the appointment to receive public money shall be explicitly provided for or authorized by statute. The use in the section of the act above quoted of the words 'by any law, regulation or appointment,' implies that the regulation or appointment is something distinct from an appointment authorized by statute. The evidence that the superintendent placed the defendant in charge of the public money in the office is equivalent to appointing him to do so."

In our opinion the defendant could be charged by regulation or appointment as well as by law with the safe-keeping, transfer or disbursement of moneys. The cases cited by defendant, among which may be mentioned *State v. Meyers,* 56 Oh. St. 340; *Moore v. State,* 53 Neb. 831; *U. S. v. Smith,* 124 U. S. 525, are not in conflict with this view. In none of the statutes construed in those cases were the words "regulation" or "appointment" used. In each of those cases the question was whether the officer indicted was one who was charged by law with the safe-keeping, etc., of money. If, as we hold, an officer may be so charged by regulation or appointment as well as by law, the present case is clearly distinguishable from the cases relied on by the defendant.

Nor do we think that the statute which prescribes the duties of the superintendent of waterworks would prevent the clerk of the waterworks from being charged by regulation or appointment with the safe-keeping, transfer or disbursement of moneys. The section referred to, C. L. Sec. 515, provides for the appointment of the superintendent of waterworks "whose duty it shall be to keep the conduits or pipes for the conveyance of water in repair; collect all water rates from ships and persons in Honolulu, or its vicinity, and perform such other duties in connection therewith" as the superintendent of public works may prescribe. It does not follow that because the superintendent of waterworks is to "collect" all water rates from ships or persons in Honolulu or its vicinity, the clerk of the waterworks could not be charged with the "safe-keeping," transfer or disbursement

of money so collected for such purposes or from such persons, not to mention other money, even if he could not be so charged, within the meaning of the statute, with the duty to "collect" water rates by way of assisting the superintendent of water-works, the latter being responsible for such collection.

The exception is overruled and the case is remanded to the circuit court for further proceedings.

*E. C. Peters, Deputy Attorney General,* for the Territory.
*Robertson & Wilder* for defendant.

