## EDMUND B. McCLANAHAN *v.* RICHARD H. TRENT, TREASURER OF THE COUNTY OF OAHU, AND ANDREW ADAMS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 28, 1905. DECIDED NOVEMBER 29, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

COUNTY ACT—*warrants on county treasurer issued to chairman of road board in payment of bills approved by board of supervisors.*

The board of supervisors of the county of Oahu having approved certain claims of certain laborers who had been employed in road work by the chairman of a road board, and who had given him their receipted bills in the form of a payroll, *held:* The auditor properly issued to him a warrant on the county treasurer for payment of the claims.

The county treasurer has no power to decline to pay a warrant issued by the county auditor upon a claim which has been legally examined, allowed and ordered paid by the board of supervisors.

OPINION OF THE COURT BY HARTWELL, J.

This was a taxpayer's bill brought to restrain the treasurer of the county of Oahu from paying a county warrant issued by the county auditor in favor of Andrew Adams in the sum of $141, which warrant had been examined, allowed and ordered paid by the board of supervisors of the county, the plaintiff claiming that the warrant is unauthorized by law and its issuance to Adams unlawful as he is "not entitled thereto in payment of any claim or claims, demand or demands due to him from or chargeable against the said county of Oahu."

It appears from the answer that the board of supervisors of the county, having passed a resolution appropriating $300 for running the Koolauloa road district during the month of August and the board's road committee, having, September 6, 1905, laid before the board a salary pay roll for $141, which the committee approved and recommended to be paid as the same had been "certified to by Andrew Adams, Koolauloa district, that the services had been faithfully performed," the board adopted the report and allowed the demand.

The pay roll shows the names of seven persons—one described in the pay roll as a luna (overseer), the others as laborers, the pay roll showing the number of days that they had worked, the rate per day and the amount coming to each and also the statement: "We, the undersigned, hereby severally acknowledge that we have received from Andrew Adams the amount set opposite our respective names, same being wages in

full to date." The roll is underwritten "Expenditures ·authorized and approved by me. Andrew Adams, Chairman Koolauloa Road Board."

Any person having a claim against a county can, if he thinks fit to do so, assign the claim, his assignee then becoming entitled to collect the claim and, if necessary, sue for it in his own name; or the assignee may authorize an attorney to collect his claim either in the name of the attorney or of the claimant. There is nothing in the nature of county claims which requires a different treatment in these respects from claims against a private individual or corporation. The only risk the auditor takes is that the deed of assignment, or power of attorney, or receipts of the claimants are genuine. In this case the claimants had no other purpose in givng their receipts for their wages to the chairman of the road board than to enable him, as their attorney, to collect the money for them. It was immaterial to the county whether the warrant should be issued to the attorney Adams in his own name upon his surrendering the receipts to the auditor or in the names of the claimants, the latter course simply requiring an additional receipt by the claimants to be given to the treasurer, but certainly it was more convenient and a saving of time for the claimants that the warrants should be issued in Adams' name and we have no doubt that such was their intention. The board had no contractual relations with the laborers; it is possible that not a single supervisor could recognize any of them or that the auditor could identify any of them or would know their signatures. To require every laborer for the county to make out a bill for wages and take it in person to any of these officials would involve much unnecessary delay and trouble if not considerable expense to the laborers, whereas the chairman of the road board is personally known by the county officers and they feel justified in accepting his certificate that he authorized the payment of the money in accordance with the resolution of the board, and approved the bills, showing the number of days worked by each and the rate per day.

There was nothing illegal or contrary to any provision of the county act in the allowance of this claim by the board of supervisors or in the issuing of the warrant by the county auditor. The provision in section 75 of the county act, "The auditor shall issue warrants on the county treasurer in favor of persons entitled thereto in payment of claims and demands chargeable against the county, which have been legally examined, allowed and ordered paid by the board of supervisors," does not require that the warrants shall be made payable to the original claimants, but to the persons "entitled thereto," meaning entitled to the warrants. Such persons may be the original claimants, their assignees or attorneys. We are aware of no power which the treasurer himself has to decline to pay a warrant which has been "legally examined, allowed and ordered paid by the board of supervisors," as the law does not constitute him an authority to scrutinize the acts of the board and to pay or refuse to pay warrants in payment of claims passed by the board according, as in his opinion, the action of the board was legal or illegal. The only way in which payment of an unauthorized, fraudulent or illegal claim can be prevented after a warrant has been issued by the auditor would be by an injunction of a court having jurisdiction of such matters; but no illegality, fraud or lack of authority appears in this case.

The decree of the circuit judge perpetually restraining respondent from paying the warrant in question is reversed and the bill is dismissed.

*S. H. Derby* for plaintiff.

*W. A. Whiting* for defendant.