C. S. HOLLOWAY, SUPERINTENDENT OF PUBLIC
WORKS OF THE TERRITORY OF HAWAII, *v.*
EDWARD VIVIAN RICHARDSON, D. KAWANA-
NAKOA, JOHN F. COLBURN, CECIL BROWN AND
HENRY WATERHOUSE TRUST CO., LTD., AS
ADMINISTRATOR WITH THE WILL ANNEXED
OF THE ESTATE OF W. H. CORNWELL, DE-
CEASED.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 2, 1907.     DECIDED JANUARY 6, 1908.

HARTWELL, C.J., BALLOU, J., AND CIRCUIT JUDGE LINDSAY
IN PLACE OF WILDER, J.

BONDS—*liability of sureties on official bond.*

Sureties on the official bond of a clerk in the bureau of water
works, whose duties are nowhere defined by law, are not liable
for his failure to account for moneys payable by law to the
superintendent of water works.

OPINION OF THE COURT BY BALLOU, J

(Hartwell, C.J., dissenting.)

This was an action on the official bond of Edward Vivian
Richardson, a clerk in the bureau of water works. Judgment
was given against the principal and sureties, and the sureties
bring a bill of exceptions of which we find it necessary to con-
sider only those relating to their liability.

There is no statute creating the office of clerk in the bureau
of water works nor defining his duties, but the appointment
was made in pursuance of an appropriation for "Salary of
Clerk" under the head "Department of Public Works" and
subhead "Bureau of Water Works." The superintendent of
public works appointed Richardson as clerk and, in accordance

with R. L. Sec. 116, exacted of him a bond, conditioned that the principal "shall make faithful disposition of and accounting for all moneys which may be paid to him, or his order, as such Clerk, Bureau of Water Works, Honolulu, and shall truly and faithfully perform all other duties required of him by law."

R. L. Sec. 555 provides: "The said superintendent shall appoint some discreet and capable person, to be superintendent of waterworks, whose duty it shall be to keep the conduits or pipes for the conveyance of water in repair; collect all water rates from ships and persons in Honolulu, or its vicinity, and perform such other duties in connection therewith as the said superintendent of public works may prescribe."

Richardson was entrusted with the collection of water rates and failed to account for a considerable sum.

The rule is well established that sureties on an official bond are liable only for such money as is paid their principal strictly in his official capacity. Thus they are not liable for water rates collected by a superintendent of water works, whose express authority was conferred subsequent to the execution of the bond, either upon the theory that his duties were implied from his title or that such collection must have been referred to in the undertaking that he should pay over all moneys that might come into his hands as such superintendent. *City of Lafayette v. James,* 92 Ind. 240. They are not liable for moneys payable by statute to a prison agent but paid to and embezzled by his clerk. *Hulin v. People,* 31 Mich. 323. See also *Scott v. State,* 46 Ind. 203; *Mahaska County v. Ruan,* 45 Ia. 328.

If it is desired to hold sureties in cases like these, the bond of the official should cover moneys received by color of his office as well as by law. *Thomas v. Connelly,* 104 N. C. 342.

In the present instance this court overruled a demurrer to the indictment of the clerk for embezzlement on the ground that he could be guilty if charged with the safe keeping, transfer or disbursement of the money by regulation or appointment as well as by law. R. L. Sec. 2966. *Territory v. Richardson,*

16 Haw. 358.   The language of the bond is narrower than that of the criminal statute.   It is at least doubtful if the condition of the bond can be construed as referring to anything but the legal duties of the clerk, and a doubt is fatal to the liability of the sureties, whose undertaking is to receive a strict interpretation and is not to be extended beyond the fair scope of its terms.   *Miller v. Stewart,* 9 Wheat. 680.   There is nothing in the designation of "clerk" to warrant the inference that he was to act as assistant to the superintendent of water works in collecting water rates nor do the ordinary definitions of "clerk" include one entrusted with the collecting and handling of funds. Bouvier's Law Dic. 6 Enc. Law, 131; 7 Cyc. 190.

The exceptions of the sureties are sustained and the judgment being joint a new trial is ordered.

*C. R. Hemenway,* Attorney General (*Wm. L. Whitney,* Deputy Attorney General, with him on the brief), for plaintiff.

*A. G. M. Robertson* for Henry Waterhouse Trust Company, Ltd.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for Cecil Brown.

*C. W. Ashford* for D. Kawananakoa and John F. Colburn.

DISSENTING OPINION OF HARTWELL, C.J.   •

I dissent.   The duties of the clerk of the bureau of water works, for the faithful performance of which the bond was given, include, in the absence of any statute prescribing his duties, assisting the superintendent in collecting water rates as well as in the performance of any other duties imposed by statute upon the superintendent and this, I think, must have been contemplated by the sureties in making their contract of suretyship.   If this bond is insufficient to hold the sureties for the reason that the statute does not prescribe the clerk's duties then no bond would avail which is intended to secure his faithful performance of his duties as clerk, and the statute, Sec. 116

R. L., would be useless which provides that the head of a department or bureau, in every case where bonds for the faithful performance of duty are not required by law of its officers or employees, "may require every such officer or employee to give a bond for the faithful performance of his duties."