## TERRITORY OF HAWAII *v.* HENRY N. CLARK.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 10, 1911. DECIDED FEBRUARY 16, 1911.

HARTWELL C.J., PERRY AND DE BOLT, JJ.

EMBEZZLEMENT—*county employee—second clerk of district court of Honolulu—indirect consent of county to entrusting him with bail money.*

Bail money forfeited in the district court of Honolulu belongs to the county and when collected by the second clerk of the district court, appointed by the magistrate and by him charged with the duty of collecting, is subject to embezzlement by the clerk as a county employee entrusted with the custody of the money by the indirect consent of the county.

The second clerk is properly appointed by the magistrate and not by the mayor under the provision in the County Act for the appointment of county officers, and may be lawfully charged by the magistrate with receiving bail moneys.

OPINION OF THE COURT BY HARTWELL, C. J.

The defendant was indicted for embezzling $285, bail money forfeited in the district court of Honolulu, the property of the

City and County of Honolulu, with which, he being an employee of the City and County, to-wit, second clerk of the district magistrate, and charged by appointment of the magistrate with the duty of collecting and receiving the aforesaid bail money, was entrusted by consent and authority of the City and County.

The defendant demurred to the indictment on the grounds, in substance, as follows: (1) that it does not show that the money was the property of the Territory or of any political or municipal corporation thereof; or (2) that the City and County of Honolulu is a political or municipal corporation or subdivision of the Territory; or (3) that the defendant is a public officer who by law, regulation or appointment by law is charged with the safe-keeping, transfer or disbursement of any money belonging to the Territory or any political or municipal corporation or subdivision thereof; (4) that there is no law authorizing or imposing the duty upon the second clerk of collecting and receiving fines and costs and other money on account of the City and County, or which prescribes a second clerk of the district court who is by law charged with the duty of collecting or receiving money on account of the City and County; (5) that the district magistrate is the only person having authority or charged with the duty of receiving or paying such moneys on account of the City and County; (6) that there is no law for the appointment of a second clerk or charging him with the safe-keeping of the public money or imposing upon him the duty or authorizing him to receive the same.

The trial court reserved for the consideration of this court the question whether the demurrer shall be sustained.

In argument the defendant abandoned the second ground of his demurrer.

We will first consider the defendant's contention that under Act 152 S. L. 1909, the magistrate could not impose upon the second clerk of his court the duty of receiving this money, Sec. 1 of the act reading as follows: "All moneys paid for costs in

civil cases, and for fines and costs in criminal cases which shall be received or collected by any district magistrate in cases in which no appeal has been taken and perfected to the Circuit or Supreme Court, and all moneys paid for fines and costs which shall be received or collected by any sheriff, deputy sheriff, or police officer upon any mittimus, execution or other writ issued by such magistrate, including bail moneys forfeited, in any district court, shall be paid by the magistrate or other officer who shall have received, or collected the same to the treasurer of the county in which such magistrate or officer has jurisdiction, and shall be accounted for by such treasurer as a county realization." The act requires all money from fines, etc., received by the magistrate and officers named to be by them paid to the county treasurer but does not in terms require all such money to be paid to them. There is nothing then as far as this act is concerned which makes payment to the magistrate's clerk illegal or even unlawful or which precludes the magistrate from directing payment to the clerk rather than to himself personally, a course which conforms to the practice that money payable to the court for fines, etc., is handed to the clerk.

In *Territory* v. *Wright,* 16 Haw. 123, the defendant was indicted under Secs. 157 and 158 P. L., being in substance the same as Secs. 2965 and 2967 R. L., the latter section having been amended to include embezzlement of county money. He had been employed in the office of the superintendent of public works as chief clerk and clerk of market, receiving his appointment from the superintendent, the legislature having made an appropriation for salary of chief clerk of market. His contention that his employment was not authorized by law and that no law authorized the entrusting him with the public money was not sustained. It was held (128) that the defendant was not the employee of the superintendent but a territorial employee within the class designated in Sec. 158 P. L., and that the statute did not require for the offense of embezzlement of public funds that "there shall be an express statute authorizing his

employment in the capacity mentioned" nor "an express statute authorizing him to be entrusted with the money," and further (131) that the statute was "broad enough to include, and we think that it does include any territorial employee of the class designated in that section who is in fact entrusted with the custody of public money;" also that "the consent or authority of the Territory for entrusting public money to the defendant while employed as chief clerk of the department of public works may be either direct or indirect." These rulings were made independently of the provision of Sec. 29 of the Audit Act of 1898 making the defendant a public accountant, viz: "All persons who, by any law, regulation or appointment are now, or shall hereafter, be charged with the duty of collecting or receiving revenue or other moneys on account of the Hawaiian Government." With reference to this statute the court said (132): "There is no requirement of statute that the appointment to receive public money shall be explicitly provided for or authorized by statute," and "The evidence that the superintendent placed the defendant in charge of the public money in the office is equivalent to appointing him to do so." In *Territory* v. *Richardson,* 16 Haw. 358, the defendant was indicted for embezzlement while employed in the department of public works as clerk of the Honolulu waterworks and by law, regulation and appointment charged, as such clerk, with the safe-keeping of money belonging to the Territory. The court held (362): "The defendant could be charged by regulation or appointment as well as by law with the safe-keeping, transfer or disbursement of moneys," and further, "Nor do we think that the statute which prescribes the duties of the superintendent of waterworks would prevent the clerk of the waterworks from being charged by regulation or appointment with the safe-keeping, transfer or disbursement of moneys." The principles upon which the foregoing rulings were made are equally applicable to the present case in which embezzlement of county funds is

charged to have been made by the defendant as a county employee.

In *U. S.* v. *Smith,* 124 U. S. 525, a case much relied upon by the defendant, it was held (532) that a clerk in the office of the collector of customs, appointed by the collector and holding his position at the will of the collector, "discharging only such duties as may be assigned to him by that officer, comes neither within the letter nor the purview of the statute," and that in the absence of any act of congress "making a clerk of the collector a fiscal agent of the government and bringing him within the class of persons charged with the safe-keeping of any public moneys," the clerk was not indictable for embezzling such money. The case was also relied upon, together with *Moore* v. *State,* 53 Neb. 831, and *State* v. *Meyers,* 56 Ohio 340, both of which are cited by the defendant in the present case, in *Territory* v. *Richardson,* supra, which held that these cases were not in conflict with the ruling that "the defendant could be charged by regulation or appointment as well as by law with the safe-keeping, transfer or disbursement of moneys." In *U. S.* v. *Smith,* the indictment alleging that the defendant was "charged by an act of congress with the safe-keeping of the public moneys," the only question presented was whether there was such an act. The rulings in the *Wright* and *Richardson* cases are conclusive against the defendant's claim of exemption from liability on the ground that no statute authorized the magistrate to impose upon his second clerk the duty of collecting fines, etc., or authorizing the employment of the second clerk in charge of such money. We are unable to sustain the defendant's contention that as no statute authorized the magistrate to appoint a second clerk, for whose salary the legislature in Act 122. S. L. 1909 appropriated a monthly salary of $85 to be paid by the county, the clerk should have been appointed as a county officer under Sec. 81, Act 118 S. L., 1907, Incorporating the City and County of Honolulu, which requires that "The Mayor, with the approval of the Board of Supervisors shall appoint all officers of the City and County

whose election or appointment is not otherwise specially provided for in this charter or by law." Ordinarily, if not otherwise expressly provided by statute, courts appoint and remove their own clerks, and by statute this is done in all the courts of the Territory unless the case of the second clerk of the district magistrate of Honolulu, because not expressly provided for in the same way, is to be regarded as an exception. There is no reason, we think, to infer that the legislature intended that the sole exception should be this second clerk and that he should be appointed and removable as a county officer. It is true that he performs certain service for the county in county matters in which the magistrate has jurisdiction and for the Territory in territorial matters within the jurisdiction of the magistrate, and also that he is paid by the county, but this is true of employees working under a committee of the board of supervisors in charge of roads, bridges, etc., and yet those employees of the county are not regarded as county officers. *Coster* v. *Trent,* 19 Haw. 352.

But the defendant urges that being appointed by the magistrate of the district court, which is a territorial and not a municipal court, he cannot be charged as an employee of the county under Sec. 2967 R. L., reading as follows: "Whoever, being an officer or employee of the Territory or of any political or municipal corporation or subdivision thereof, is guilty of embezzlement of any money, note, or other effects or property belonging to the Territory or to such political or municipal corporation or subdivision thereof shall be punished by imprisonment at hard labor for not more than ten years, or by fine not exceeding five times the value of the thing or property embezzled."

In taking the forfeited bail money by direction of the magistrate, as alleged in the indictment, "on account of the said City and County of Honolulu," he was not acting for the Territory but for the county and to that extent he was employed in the service of the county and is chargeable as its employee in respect of county funds placed in his charge for transmitting to

the county treasurer. Sec. 2967 R. L. prescribes the penalty for embezzlement by any employee of the county of county funds while Sec. 2965 R. L. defines the offense as follows: "If any person who is intrusted with, or has the possession, control, custody or keeping of a thing of value of another, by the consent or authority, direct or indirect, of such other, without the consent and against the will of the owner fraudulently converts or disposes of the same, or attempts so to convert or dispose of the same, to his own use and benefit, or to the use and benefit of another than the owner or person entitled thereto, he is guilty of the embezzlement of such thing."

The defendant, in taking for and in behalf of the county, and by direction of the magistrate, the forfeited bail money which was the property of the county from the time of its forfeiture, was acting as the receiver, agent, bailiff or employee of the county in respect of that money, and although the county did not directly authorize this to be done, by accepting such money when paid to its treasurer it indirectly consented to the clerk being entrusted therewith, or rather, as such acceptance would require evidence, the lawfulness of the direction of the magistrate that the clerk should have the custody of the money of the county is presumed, as a matter of law, to have been acquiesced in or consented to by the county, the direction being lawfully given the consent to the custody follows. In the *Wright* and *Richardson* cases, supra, there was embezzlement of territorial money which had been entrusted to the clerk of waterworks, as a territorial officer, by the regulation or appointment of the superintendent of public works without statutory authority, and this, notwithstanding the fact noticed in *Superintendent of Public Works* v. *Richardson,* 18 Haw. 523, 525, which was an action on the official bond of the clerk, that "There is nothing in the designation of 'clerk' to warrant the inference that he was to act as assistant to the superintendent of waterworks in collecting water rates, nor do the ordinary definitions of 'clerk' include one entrusted with the collecting and handling of funds."

In this case there is alleged to have been embezzlement of county money entrusted to the second clerk of the district court by direction or appointment of the district magistrate. The consent or authority of the Territory and of the county, respectively, in all these cases, being indirect, is presumed, as above stated, to have been given to a lawful custody of the public funds.

Cases are not in point, or else are against our precedents cited, in which the statute explicitly vested in officers other than the defendant the authority to collect fines or other public money, which by usage had been paid to the defendants, while our statute (Act 152 S. L. 1909), while recognizing the right of the officers therein named to collect the fines, etc., does not impose upon them the duty of doing so. When such fines, costs and forfeited bail money are collected, whether by the magistrate, who is a territorial officer, or by his second clerk and appointee, each of them acts in such case in a dual capacity, or one as a county officer and the other as a county employee. To construe the statute so narrowly that the defendant could not be held for embezzling this money of the county because he had not been specifically authorized by statute to collect the money or because the county had not explicitly entrusted him with it would be a miscarriage of justice, which we think is not required by principle or precedent.

The prosecution contends,—and there are decisions of eminent courts which support the contention,—that "One who has collected money under color of authority cannot defend against a prosecution for embezzlement on the ground that he was not authorized to collect it." This appears to be the view which was taken in *People* v. *Hawkins,* 106 Mich. 479; *State* v. *O'Brien,* 94 Tenn. 79; *State* v. *Spaulding,* 24 Kans. 1; *State* v. *Pohlmeyer,* 59 Ohio 491; *Ex Parte Ricord,* 11 Nev. 287; *State* v. *Findley,* 101 Mo. 217; 1 Wharton's Crim. Law, §1025; Bishop on Statutory Crimes, 3 ed., §271.

The doctrine of estoppel as thus set forth, when confined to

the circumstances of the cases cited, commends itself to our judgment, but there is no occasion to invoke it in the present case, in which, for the considerations mentioned, we are of the opinion that the demurrer should be overruled and the circuit court so advised.

*J. W. Cathcart, City and County Attorney,* for the Territory.

*A. A. Wilder and C. C. Bitting (Thompson, Clemons & Wilder* on the brief) for defendant.